**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DOROTHY A. SMULLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:26-cv-569 (KAD) |
| | : | |
| MILFORD BANK, ET AL., | : | |
| | : | |
| Defendants. | : | |

ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

Currently pending before the Court is Plaintiff's Motion for a Protective Order. (Dkt. #36.) The Honorable Kari A. Dooley construed the Motion "as having been brought under Fed. R. Civ. P. 26(c)," and referred the Motion to the undersigned. (Dkt. #61.) For the reasons that follow, the Court DENIES Plaintiff's Motion for a Protective Order.

I. BACKGROUND

Plaintiff alleges that she is the owner of a single-family home in the Oronoque Shores Condominium Association, Inc. ("the Defendant Association"), located in Stratford, Connecticut. (Dkt. #25 ¶¶ 5, 22.) Plaintiff alleges that each homeowner "owns a percentage of the common elements" in the Defendant Association, and that Plaintiff's interest is 2.03%. *Id.* ¶¶ 24, 25. In or around October 2025, the Board for the Defendant Association bound all single-family homeowners to a ten-year commercial loan in an amount in excess of $1,000,000 inclusive of interest. *Id.* ¶ 39. According to Plaintiff, the loan agreement was entered into "absent authority from and knowledge of homeowners," prompting the instant lawsuit. *Id.* ¶ 40. Plaintiff names ten Defendants in the action, including the Defendant Association. (Dkt. #25.)

In the instant Motion for a Protective Order, Plaintiff advances several new factual allegations. Plaintiff alleges that the Defendant Association held a board meeting on or around May 19, 2026, and that the purpose of the meeting was to discuss the loan agreement. (Dkt. #36 at 2.) Defendant William Walter Ward, counsel for the Defendant Association, dkt. #58, attended the meeting and spoke to the homeowners in attendance. (Dkt. #36 at 2.) Plaintiff alleges that these actions evince an unlawful conspiracy among the Defendants. *Id.* Additionally, according to Plaintiff, an incident occurred on May 20, 2026 where she was confronted by a non-party neighbor about Plaintiff's alleged interference with the Defendant Association's loan. *Id.* A verbal exchange occurred and Plaintiff alleges that the non-party neighbor swung a propane tank in her direction. *Id.* at 2-3. Plaintiff labels this incident as a "[c]oercive attack." *Id.* After the incident, Plaintiff alleges that the neighbor barricaded Plaintiff's access to the outdoor common area, violating Plaintiff's right to access the Defendant Association's common areas under its Bylaws. *Id.* at 3. Another incident allegedly occurred several days later, where Defendant Christine Vincent, President of the Board for the Defendant Association, and the same non-party neighbor threatened Plaintiff and interfered with Plaintiff's "private real property business." *Id.* at 4.

Plaintiff now moves this court for an order, requesting the following relief: that the Defendant Association and Defendant Christine Vincent "comply with By-laws Article 7 and Article 9(b) and remove [the neighbor's] barricade which blocks [P]laintiff's rightful egress and ingress to [P]laintiff's patio and to prevent any episode from occurring in [the] future," to "order all counsels for all [D]efendants to have their clients cease and desist interference with [P]laintiff's private real property rights," and "to order [Defendant Ward] from appearing before and/or communicating with [the Defendant Association] homeowners without all respective counsels

present during the pendency of this action." (Dkt. #36 at 8.) All Defendants oppose the Motion for a Protective Order, dkts. #43, 56, 58, 59, and the Motion is ripe for consideration.

## II. DISCUSSION

Before addressing the merits of Plaintiff's Motion for a Protective Order,[1] the Court notes that in the order referring the Motion to the undersigned, Judge Dooley construed the Motion as having been brought under Rule 26(c) of the Federal Rules of Civil Procedure, dkt. #61. However, Plaintiff states in her Reply Brief (filed *after* Judge Dooley's order), that the Motion "was not in reliance of discovery Rule 26(c)." (Dkt. #67.) Notwithstanding this objection, in light of Plaintiff's *pro se* status, the Court will construe the Motion liberally and analyze whether the requested relief may be granted under a Rule 26(c) protective order standard.

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). While the scope of discovery under Rule 26(b) is broad, Rule 26(c) allows the Court to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Because Plaintiff does not identify any discovery abuses, she does not meet the standard for the issuance of protective order under Rule 26(c). Plaintiff does not direct this court to any discovery request, deposition notice, subpoena, or other discovery matter that may be protected under Rule 26(c). Rather, Plaintiff asks this Court to compel or preclude certain actions on the part of Defendants. (Dkt. #36 at 8.) As pointed out by the Defendants, dkt. #56 at 3, dkt. #58 at 4, this type of relief does not provide a basis for a protective order under Rule 26(c). *See ANW Materials Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67, 72 (R.D.N.Y. 2003) ("[D]istrict courts are

---

[1] While the instant Motion is listed as a "Motion for Protective Order" on the docket, Plaintiff titles it a "Motion for Order" in the document itself. (Dkt. #36.)

empowered to issue protective orders to temper the scope of *discovery* under Fed. R. Civ. P. 26(c).") (emphasis added). Plaintiff's Motion for a Protective Order is denied insofar as it seeks relief under Rule 26(c).[2]

III. CONCLUSION

Plaintiff's Motion for a Protective Order, dkt. #36, is DENIED. This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

IT IS SO ORDERED this **24th day of August, 2026** at Hartford, Connecticut.

___/s/_______________
Hon. Robert Richardson
United States Magistrate Judge

[2] Plaintiff's Motion for a Protective Order also relies heavily on *Lafferty v. Jones*, 336 Conn. 332 (2020). (Dkt. #36 at 5-7.) In *Lafferty*, the Connecticut Supreme Court addressed a trial court's authority to sanction a party for extrajudicial remarks about a pending case when the remarks pose an imminent threat to the administration of justice in a proceeding. *Lafferty*, 336 Conn. at 336. In that case, the Connecticut Supreme Court affirmed the trial court's imposition of sanctions because the party's public statements threatened the fairness and integrity of the case. *Id.* at 372. Plaintiff relies on *Lafferty* to argue that Defendant Ward's presence at the Defendant Association's homeowners meetings was improper and constituted "conduct aligned to threaten a fair decision in [P]laintiff's matter." (Dkt. #36 at 7.) Plaintiff also appears to allege that Defendant Ward incited the May 2026 altercation between Plaintiff and the non-party neighbor and Defendant Vincent. *Id.* at 6-7. However, *Lafferty* is not applicable here because there is no request for sanctions currently before the undersigned.